35130. CROW *v.* STATE OF GEORGIA *et al.*

DECIDED MAY 25, 1954—REHEARING DENIED JUNE 24, 1954.

*R. Wilson Smith, Jr., Brannon & Brannon*, for plaintiff in error. *C. E. Smith, Jr., Solicitor, Alden Cronic, Otis Tanner*, contra.

FELTON, C. J. The last provision of Code (Ann.) § 27-904, to wit, "and the court shall, after final judgment, relieve the sureties of the penalty of the bond upon surrender of the principal and payment of the costs," refers to a final judgment on the forfeiture of an appearance bond, and does not mean that the sureties can be relieved from liability on a bond after a final disposition of the criminal case against the principal upon the production of the principal after the criminal case is disposed of. In this case the bond was forfeited at the August term, 1953, of the City Court of Hall County. On November 16, 1953, judgment absolute was entered on the appearance bond. On December 9 the principal voluntarily appeared in court, entered a plea of guilty, and was sentenced to pay a fine of $75 and all costs of prosecution, including forfeiture costs but not including the principal amount of the bond, or to serve an alternative prison sentence. On December 11, 1953, the defendant (principal) paid the fine and costs and was released from custody. On February 1, 1954, the surety brought the principal and surrendered him to the sheriff and tendered all costs due, and the sheriff refused the tender of the principal and the costs.

Prior to the act of 1943 (Code, Ann., § 27-904), there was no provision for the relief of a surety after final judgment on the bond forfeiture, and the act of 1943 was designed to afford such relief. To interpret the act as providing for the relief of a surety after the disposition of the principal's case against the defendant would lead to at least two disastrous consequences: first, it would empower a surety to apprehend a person who was

no longer subject to the processes of a court; and second, it would defeat the purpose of appearance bonds to the extent that it would enable every surety to produce a defendant after his trial was disposed of and be relieved of the obligations of his bond before he paid the judgment, when he had had no part in the appearance of the defendant in court for trial. Under the facts of the case, the judge correctly denied the petition of the surety for relief from his obligations under the bond.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*